## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JAMIE CUNNINGHAM,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION FILE NO.** |
| | * | |
| **COBB COUNTY, GEORGIA,** | * | |
| **and Cobb County Police Officers** | * | |
| **EVAN MCDONALD,** | * | |
| **CHRISTOPHER LAKE,** | * | |
| **DON GALLOWAY,** | * | |
| **CARL THOMPSON,** | * | |
| **and LAURA WALKER** | * | |
| **in their individual capacities,** | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Jamie Cunningham, and hereby files his Complaint against Defendants as follows:

## INTRODUCTION

### 1.

This is a 42 U.S.C. §1983 action brought under the Fourth Amendment to the United States Constitution arising from the use of excessive force against him by the Defendant police officers, who repeatedly beat and kicked him without justification while he was lying prone on the ground, causing severe bodily injuries including six

broken ribs and a collapsed lung. Plaintiff contends that the Defendant officers are not only liable for their own participation in the use of excessive force, but also for their failure to intervene to protect Plaintiff from the use of excessive force by fellow officers in their presence. In both instances, the officers violated clearly established law and are not entitled to qualified immunity.

Plaintiff further alleges that the use of force by the Defendant officers was proximately caused by defective policies and procedures of the Cobb County Police Department and its pattern and practice of allowing force which is disproportionate to any alleged threat posed by the offender, for which Defendant Cobb County is subject to municipal liability under Section 1983.

Plaintiff also asserts pendent state tort and constitutional claims against the individual officers under Georgia law, for which they are not entitled to official immunity because they acted with actual malice in beating him without justification.

## JURISDICTION AND VENUE

2.

This action to enforce federal constitutional rights is brought pursuant to 42 U.S.C. §§1983 and 1988, as well as the Fourteenth Amendment of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331, §1343, and the aforementioned constitutional and statutory provisions.

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and N.D.L.R. 3.1B(3) because the event giving rise to this claim occurred in Fulton County, Georgia, which is situated within the district and divisional boundaries of the Atlanta Division of the Northern District of Georgia, and because one or more Defendants reside within said District and Division.

4.

All the parties herein are subject to the jurisdiction of this Court.

**PARTIES**

5.

Plaintiff Jamie Cunningham is a citizen of the United States and a resident of the state of Georgia.

6.

Defendant Cobb County is a political subdivision of the state of Georgia which has sovereign immunity under state law but which is nonetheless subject to potential federal liability under 42 U.S.C. §1983 for constitutional violations committed pursuant to its official customs or policies. Said Defendant is subject to the jurisdiction of this Court and may be served with process via request for waiver of service by mail sent to, or by personal service of the summons and complaint upon, its

County Manager, Dr. Jackie R. McMorris, at 100 Cherokee Street, Marietta, GA 30090 who is subject to the jurisdiction of this Court.

7.

At all times relevant herein, Defendants Evan McDonald, Christopher Lake, Don Galloway, Carl Thompson, and Laura Walker were individuals employed as Cobb County police officers, who were acting within the scope of said employment and pursuant to the policies and procedures of the Cobb County Police Department. Said Defendants are subject to the jurisdiction of this Court and may be served personally or through request for waiver of service by mail at their current place(s) of employment.

8.

At all times relevant herein, the above-named Defendants acted under color of state law.

**FACTUAL ALLEGATIONS**

9.

On July 6, 2020, at approximately 3:30 a.m., officers from the Cobb County Police Department were dispatched to a call about a possible burglary in progress at a used car dealership at 621 Veteran's Memorial Highway in Mableton. Upon arrival, the responding officers spotted a suspicious person walking away from the dealership

who matched the description provided by a witness.

10.

The suspicious person was Plaintiff Jamie Cunningham, a 58-year-old man who began running when he spotted the officers, who followed him on a short foot chase into a dense thicket of bushes and weeds.

11.

Three officers who were clearly in better physical condition than the older man trying to elude them – Defendants Evan McDonald, Christopher Lake, and Don Galloway – soon caught up with Cunningham and took him to the ground. Once he was pinned face down and unable to move, he was incapable of either resisting the officers or complying with commands to show his hands because of the weight of the officers on his back and the fact that his hands were trapped beneath his body.

12.

Frustrated by the suspect's failure to comply and their inability to handcuff him in that position, the officers began repeatedly punching and kicking Cunningham so severely that they caused him to suffer six fractured ribs and a collapsed lung as he insisted he was not doing anything wrong – all of which was captured on video by the body cameras of five officers.

13.

Because Cunningham posed no threat of injury or escape while outnumbered, pinned to the ground, and unable to move his hands, there was no justification for any physical force from that point forward. Reasonable officers in similar circumstances would have used common sense and simply turned his body to the side or lift it just high enough off the ground to slip the handcuffs underneath him and shackle his wrists. Reasonable officers would not have resorted to the use of gratuitous pain to force behavior that was physically impossible when his hands were tangled in weeds and pinned under the combined bodyweight of himself and the officers on top of him, which was not only an objectively unreasonable use of force that defied the laws of nature but which also defied clearly established law under the Fourth Amendment.

14.

At no time did Cunningham pose any actual or perceived threat to the officers. There was no information dispatched that Cunningham was armed with a weapon, nor did his actions during the physical encounter indicate that he was attempting to use a weapon. While police officers can use some level of physical force to gain a suspect's compliance—there is no indication on the body cam videos that he was refusing to comply—any physical force used cannot rise to the level of disabling or deadly force (including kicks or blows to the head, or even to the body with enough force to break

bones or damage internal organs) unless there is a commensurate level of threat to the officers, which was not present in this case.

15.

The aforementioned use of excessive and unreasonable force by the Defendant officers included, but was not limited to, the following:

a) multiple closed fist strikes to Cunningham's body and head by Defendants McDonald and Lake, which are clearly shown on Galloway's bodycam video;

b) at least one elbow strike by Defendant McDonald which is also visible on Galloway's video;

c) a foot strike to Cunningham's body by Defendant Galloway shown by Lake's video; and

d) the complicity of other officers at the scene who either participated directly in the use of gratuitous and unnecessary of force or enabled it indirectly by failing to intercede and stop fellow officers from using excessive force in their presence.

16.

Even though the above uses of force were clearly excessive, the internal review of the incident completely exonerated the officers, concluding that all force used was proper under departmental policies and procedures based on a false characterization of the level of resistance posed by Cunningham, which was passive at worst but more

accurately described as no resistance at all and downplaying the severity of the injuries (including the exclusion of his medical records from the file and a dubious explanation of why).

17.

Based on review of several hundred use of force incidents by Cobb County police officers over a four-year period, it appears that the Cobb County Police Department has created a systemic pattern of excessive force by overstating levels of resistance and understating the severity of force used by officers to justify instances of excessive force and avoid discipline of officers, with the result being that such instances are unchecked and the pattern has been allowed to continue and become engrained in the culture of the department.

18.

Review of the department's use of force policy indicates that it is defective because it fails to properly delineate between levels of non-cooperation, noncompliance, and resistance, with the result being that officers are permitted and effectively encouraged to use more force than necessary – often including, as occurred here, the use of disabling and life-threatening force in situations requiring either minimal force or no force at all.

19.

Plaintiff will establish through expert testimony that the Cobb County Police Department's use of force policy is dangerously deficient in its lack of definitions of *active* versus *passive* resistance, as well as its lack of prohibitions on the use of physical force capable of causing death or serious injury. Plaintiff's expert will also opine that the Cobb County Police Department has a demonstrated pattern of using excessive force against passively resistant subjects who attempt to flee on foot, regardless of the severity of their suspected crimes.

20.

Consequently, the data shows that Cobb County officers such as the Defendants in this case are willing on an institutional level to violate their training and national standards and use excessive force against anyone who attempts to flee on foot, regardless of the severity, or lack of, of their suspected crimes or whether they even pose a threat to the officer(s) through active or assaultive resistance. This explains how Cunningham, an individual who was only passively resisting after committing a non-violent offense (if he was resisting at all), ended up with six broken ribs after multiple strikes to his body and head by multiple Cobb County police officers as other Cobb officers stood idly by and failed to intervene.

# THEORIES OF RECOVERY

## COUNT ONE:
### Fourth Amendment Claim Against Individual Officers

### 21.

The above-described use of excessive force against Jamie Cunningham constituted an unreasonable seizure of his person in violation of the Fourth Amendment of the United States Constitution for which the Defendant officers are liable in their individual capacities.

### 22.

The law was clearly established before July 2020 that police officers in the United States of America could not use gratuitous, unnecessary and punitive force during the arrest of a suspect who has been subdued and no longer poses a significant threat, and in any event the force used must be reasonable in proportion to the threat posed by the suspect.

### 23.

The law was also clearly established before July 2020 that police officers in Georgia, Florida and Alabama have a duty to intercede and stop the use of excessive force by fellow officers when they have the ability to do so.

### 24.

Defendants Evan McDonald, Christopher Lake, Don Galloway, Carl

Thompson, and Laura Walker are not entitled to qualified immunity because they are alleged to have violated one or more principles of clearly established law under the Fourth Amendment.

25.

Accordingly, Defendants Evan McDonald, Christopher Lake, Don Galloway, Carl Thompson, and/or Laura Walker are liable under 42 U.S.C. §1983 for violating Plaintiff Cunningham's Fourth Amendment rights by causing, participating in, or failing to stop the use of excessive force against him.

**<u>COUNT TWO:</u>**
**<u>Section 1983 Municipal Liability Claim Against Cobb County</u>**

26.

The aforementioned Fourth Amendment violations by Defendants Evan McDonald, Christopher Lake, Don Galloway, Carl Thompson, and/or Laura Walker were caused by defective policies of the Cobb County Police Departments, as well as by customs and practices which are tantamount to official policy, and such customs, policies and practice were the moving force behind the deprivation of Jamie Cunningham's federal constitutional rights, for which Cobb County is subject to municipal liability under 42 U.S.C. §1983 in accordance with *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) and its progeny.

27.

In order to impose *Monell* liability against the County under Section 1983, it is not necessary that the defective policy be unconstitutional on its face, but only that it cause constitutional rights to be violated.

28.

Both the defective written policy of the Cobb County Police Department and the actual policy as practiced in the field, which can be inferred from a pattern of unchecked use of excessive force that continued to perpetuate itself and cause excessive force to be used on a continuing basis, were moving forces behind the violation of Plaintiff's rights for which Cobb County is liable.

29.

Even if one or more of the individual Defendants were found to be entitled to qualified immunity, the County itself would still be subject to *Monell* liability for causing the violation of Plaintiff's rights because qualified immunity is only a defense for officers sued in their individual capacity that is not available to municipal Defendants such as the County.

## COUNT THREE:
## Pendent State Law Claims Against Individual Officers

30.

The aforementioned use of excessive force by the Defendant police officers was

an injurious touching that was unjustified beyond the point reasonably necessary to respond to the threat level posed by Mr. Cunningham, thereby constituting a battery under Georgia law for which those officers who personally used excessive force against him – including but not limited to Defendants McDonald, Lake and Galloway – are liable.

31.

The aforementioned conduct of the Defendant police officers which caused Mr. Cunningham to be subjected to unreasonable and unjustified force, or which otherwise fell below the standard of care applicable to a reasonable and prudent police officer under the circumstances, constitutes negligence under Georgia law for which said Defendants are liable to the extent that they are not entitled to official immunity.

32.

The aforementioned conduct of the Defendant police officers which caused Mr. Cunningham to be subjected to unreasonable and unjustified force violates Ga. Const. Art. 1, §1, ¶1, which prohibits unreasonable seizures of the person by law enforcement officers under the same objective reasonableness standard as the Fourth Amendment but without being subject to the federal doctrine of qualified immunity.

33.

The aforementioned use of excessive force by the Defendant police officers

who willfully inflicted gratuitous and unnecessary pain against Mr. Cunningham during the course of his apprehension without any reasonable justification – including but not limited to Defendants McDonald, Lake and Galloway – was a violation of Ga. Const. Art. 1, §1, ¶17, which provides that no person shall "be abused in being arrested," for which said individual Defendants are liable.

34.

To the extent that individual officers – including but not limited to Defendants McDonald, Lake and Galloway – acted with actual malice by using more force than necessary in defense of self or others, as well as by acting with specific intent to cause injury or commit a wrongful act in their use of force against Mr. Cunningham, they are not entitled to official immunity for personal liability under Georgia law.

**DAMAGES**

35.

As a direct and proximate result of the above-described conduct of Defendants, Plaintiff Jamie Cunningham has been deprived of his constitutional rights, has been subjected to extreme physical and mental pain and suffering, and has been forced to incur substantial medical expenses, and such injuries and damages are expected to continue into the future.

36.

Defendants are liable to Plaintiff for all of the foregoing injuries and damages in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

37.

The aforementioned conduct of certain individual Defendants – including but not limited to Officers McDonald, Lake and Galloway – rose to such a level of bad faith, conscious indifference, and reckless disregard for the consequences as to also authorize the imposition of punitive damages against said Defendants.

38.

Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation from Defendants under 42 U.S.C. §1988, O.C.G.A. §13-6-11, and other applicable law.

**WHEREFORE**, Plaintiff demands the following:

a)      That this action be tried by a jury;

b)      That judgment be entered in favor of Plaintiff and against Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

c)      That Plaintiff be awarded reasonable attorney's fees and expenses;

d)      That all costs of this action be taxed against Defendants; and

e)      That the Court award any additional or alternative relief as may be

deemed appropriate under the circumstances.

Respectfully submitted this 6th day of April, 2022.

*/s/ Craig T. Jones*
CRAIG T. JONES
Georgia Bar No. 399476
Attorney for Plaintiff

CRAIG T. JONES, P.C.
Post Office Box 129
Washington, Georgia 30673
(678) 643-0062
craigthomasjones@outlook.com