## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JAMIE CUNNINGHAM,** | * | |
| | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CIVIL ACTION FILE** |
| | * | **NO. 1:22-cv-01349-MLB** |
| **COBB COUNTY, GEORGIA,** | * | |
| **and Cobb County Police Officers** | * | |
| **EVAN MCDONALD,** | * | |
| **CHRISTOPHER LAKE,** | * | |
| **JOHN GALLOWAY,** | * | |
| **KARL THOMPSON,** | * | |
| **and LAURA WALKER** | * | |
| **in their individual capacities,** | * | |
| | * | |
| **Defendants.** | * | |

## PLAINTIFFS' INITIAL DISCLOSURES
## UNDER LOCAL RULE 26.1B

COMES NOW Plaintiff Jamie Cunningham and hereby files the following initial disclosures as required by Local Rule 26.1B(1) of the Northern District of Georgia:

1.

State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues in the case.

**RESPONSE**:

This is a 42 U.S.C. §1983 action brought under the Fourth Amendment to the United States Constitution arising from the Defendant police officers' use of excessive force against Plaintiff, who ran from Cobb County Police Department officers on foot into a wooded area, where he was captured and pinned to the ground. While he was down on the ground, officers gave him commands to show his hands but he was unable to move his hands at all because they were pinned beneath his body by the officers on top of him.  Despite the fact that he was unable to resist, he was repeatedly beaten and kicked by officers, resulting in several broken ribs and a collapsed lung.

Plaintiff has sued the officers on the scene under both federal and state law, as well as Cobb County for municipal liability under Section 1983 because its police department's has a pattern or practice of condoning the use of excessive force by writing reports in a way which overstates the threat posed by suspects while understating the level of force used by officers.  Notwithstanding the *Monell* liability of the County for the Fourth Amendment violation, the officers have no qualified immunity because their actions violated clearly established law, and they has no official immunity for state law torts because they acted with actual malice as that term is defined by the Georgia Supreme Court.

2.

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiff contends are applicable to this action.

**<u>RESPONSE</u>**:

a)    42 U.S.C. §1983 and §1988 (federal civil rights act);

b)    Fourth Amendment to U.S. Constitution (unreasonable seizure);

c)    *Graham v. Connor*, 490 U.S. 386 (1989) (objective reasonableness);

d)    *Lombardo v. City of St. Louis,* 594 U.S. ___, No. 20–391, slip op. at 4 (June 28, 2021) (*per curiam*) (violation of policy and training guidelines relevant to show unreasonableness of officer conduct);

e)    *Monell v. Department of Social Servs.,* 436 U.S. 658 (1978) (Section 1983 municipal liability for defective policy);

f)    *City of Canton v. Harris*, 489 U.S. 378 (1989) (*Monell* liability for failure to train with deliberate indifference to constitutional rights);

g)    *Owen v. City of Independence*, 445 U.S. 622 (1980) (qualified immunity not a defense to *Monell* liability of municipality);

h)    *Pruitt v. City of Montgomery*, 771 F.2d 1475 (11th Cir. 1985) (*Monell* liability can exist even if officers are not individually liable);

i)      Policies and procedures of Cobb County Police Department (relevant to both reasonableness of officer conduct and city's *Monell* liability)

j)      O.C.G.A. §51-1-1 *et seq* (general principles of tort law, including battery and negligence);

k)      GA. CONST., Art. I, §1, ¶XVII (prohibits "abuse in being arrested");

l)      O.C.G.A. §16-3-21(a) (use of force to defend self or others);

m)      *Kidd v. Coates*, 271 Ga. 33, 518 S.E. 2d 124 (1999) and *Gardner v. Rogers*, 224 Ga. App. 165, 480 S.E.2d 217 (1996) (explaining when state law official immunity does or does not apply to use of force);

n)      *Gilbert v. Richardson,* 264 Ga. 744, 452 S.E.2d 476 (1994) and *Nichols v. Prather,* 286 Ga. App. 889, 650 S.E.2d 380, 387 (2007) (official immunity is a defense for individual officers but not the city).

3.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**RESPONSE**:

In addition to the names listed in Defendants' initial disclosures, which is incorporated by reference herein, Plaintiff adds the following:

-4-

a)      His treating physicians or any other medical providers, whose names are presently unknown but are contained in medical records;

b)      Officers Evan McDonald, Christopher Lake, John Galloway, Karl Thompson, and Laura Walker, presently named as Defendants herein;

c)      All Cobb County police personnel identified or referenced in the internal affairs investigation file produced to Plaintiff by Cobb County under the Open Records Act;

d)      Any individuals named in the police reports whose numbers are listed in Plaintiff's First Request for Production of Documents to Defendant Cobb County served on June 7, 2022, as well as in the videos to be produced in response to said request;

e)      Family members of Plaintiff who may have knowledge of his injuries and medical treatment, including sister Pam Brooks and brother Jeffrey Cunningham, who can be contacted through Plaintiff's counsel;

f)       Any person to be named in interrogatory responses or documents produced by either side.

4.

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts

described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**RESPONSE**:

No decision has yet been made regarding the use of an expert at trial.

5.

Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

**RESPONSE**:

In addition to the documents and videos listed by Defendants' initial disclosures, which are incorporated by reference herein, Plaintiff intends to rely on his medical records from Wellstar Cobb Hospital in Austell, Erlanger Hospital in Chattanooga, Cartersville Hospital, the Bartow County Jail, the Cobb County Jail, the Georgia Department of Corrections, and any other provider, which will be requested and produced in discovery.  Plaintiff's counsel will consent to any nonparty requests by Defendants if defense counsel agrees to share all records received from such requests.  Plaintiff also intends to rely upon any and all documents and videos produced, or to be produced, by Defendants though discovery and under the Open Records Act.

6.

In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34.

**RESPONSE**:

a)     General damages for past, present and future pain and suffering – both physical and mental – in an amount to be determined by the enlightened conscience of fair and impartial jurors;

b)     Special damages for medical expenses incurred or to be incurred by Plaintiff, if any, in an amount to be proven at trial;

c)     Punitive damages in an amount to be determined by the enlightened conscience of fair and impartial jurors; and

d)     Attorney's fees and expenses under Section 1988 to be determined by the Court post-judgment.

7.

Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable

to satisfy part or all of a judgment which may be entered in this action of to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE**:

      This item has already been produced to Plaintiff by Defendants.

8.

      Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiff's cause of action and state the basis and extent of such interest.

**RESPONSE**:  None at this time.

      Respectfully submitted this 6th day of September, 2022.

*/s/ Craig T. Jones*
CRAIG T. JONES
Ga. Bar No. 399476
Attorney for Plaintiff

CRAIG T. JONES, P.C.
Post Office Box 129
Washington, Georgia 30673
(678) 643-0062
craigthomasjones@outlook.com

-8-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I served the foregoing certificate of service

of discovery upon the following counsel via the Court's efiling system and via email:

Laura Murphee, Esq.
Cobb County Attorney's Office
100 Cherokee Street, Suite 350
Marietta, Georgia 30090-7003

Respectfully submitted this 6th day of September, 2022.

*/s/ Craig T. Jones*

_____

Craig T. Jones
Georgia Bar No. 399476
Counsel for Plaintiff